# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| NATIONAL VIATICAL, INC. and JAMES TORCHIA, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>UNIVERSAL SETTLEMENTS )<br>INTERNATIONAL, INC., )<br>)<br>    Defendant. ) | CASE NO. 1:11-cv-1358-RWS |

**BRIEF IN SUPPORT OF MOTION TO STRIKE THE DECLARATIONS OF RANDY BENNETT, CHRISTOPHER HALAS, AND TED BUCZEK FILED WITH DEFENDANT'S REPLY BRIEF**

## I.   Introduction.

Stopping trial by ambush is a hallmark of our legal system. The overarching principle is that every party should have an adequate opportunity to respond to the evidence and arguments made against them. Thus, when a moving party submits new evidence or arguments with a reply brief, the Federal Rules of Civil Procedure and our local rules recognize this not just as improper procedure, but as unfair. Here, Universal Settlements International, Inc. ("USI") submitted three new declarations with a bait-and-switch reply brief, which itself raised grounds for transferring venue not mentioned, or at least not supported, in its original motion.

Because considering these filings would violate the Federal Rules of Civil Procedure and our local rules, the Court should strike them.

## II.     Statement of Facts.

USI submitted no admissible evidence in support of its motion to transfer venue.  Not a single declaration.  Instead, USI attached a number of unauthenticated filings from the dismissed Michigan case and one filing from a Canadian court.  Indeed, NVI pointed this out in its response brief:

> USI has failed to prove any inconvenience, let alone by clear and convincing evidence.  Its evidentiary exhibits reflect only pleadings from the dismissed Michigan litigation.  Actual evidence of potential witnesses, potential expenses, USI's means, and other issues related to litigating this case in Georgia is conspicuously absent.  When this naked record is viewed in light of the factors discussed in the following subsections, USI's motion should be denied.

(NVI Response Br. at p. 14).  The deficiency of its motion having been revealed, USI attempted to cure this deficiency by attaching the declarations of Randy Bennett, Christopher Halas, and Ted Buczek to their reply brief in violation of the rules.  These declarations should be stricken and USI's motion to transfer venue should be denied.

### III.  Argument and Citation to Law.

It is very basic that a party filing any motion must submit any supporting affidavits with the motion.  F.R.C.P. 6(c)(2) [formerly 6(d)], entitled "Supporting Affidavit" states: "Any affidavit supporting a motion must be served with the motion."  Local Rule 7.1(a)(1) further provides: "Every motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority. If allegations of fact are relied upon, supporting affidavits must be attached to the memorandum of law."  LR 7.1(a)(1).  Federal courts have affirmed the principle of preventing surprise with reply briefs. The Eleventh Circuit elaborated that "the rule clearly contemplates that, in the usual case, the party moving for summary judgment will present its legal theories and assertions of fact at the time it makes the motion."  Burns v. Gadsden State Cmty. Coll., 908 F.2d 1512, 1517 (11th Cir. 1990) (noting that the purpose of Rule 6(c)(2), formerly Rule 6(d), is to "provide the nonmovant with a reasonable and meaningful opportunity to respond to the legal theories and facts asserted").

Accordingly, affidavits or declarations submitted with a reply brief - like the declarations of Randy Bennett, Christopher Halas, and Ted Buczek here - are untimely.  (See DE 19-4, 19-5, and 19-6).  This Court has previously noted:

> This rule is designed, indeed its purpose, is to insure that the party opposing a motion for summary judgment be given sufficient time to respond to the affidavits filed by the moving party, thereby avoiding any undue prejudice. Justice is not served by allowing a moving party to unfairly surprise and prejudice the non-movant by producing evidence of new, substantive facts at the last minute when there is no opportunity for the non-movant to respond. This is precisely the kind of trial by ambush that the federal rules summarily reject.

Tishcon Corp. v. Soundview Communs., Inc., 1:04-cv-524-JEC, 2006 U.S. Dist. LEXIS 97309, at *26-27 (N.D. Ga. Feb. 14, 2006). "Submitting supplemental affidavits or declarations on reply generally is improper, since it denies the opposing party the opportunity to address these materials in its response." Griffin Indus. v. Couch, 1:05-cv-684-WJD, 2006 U.S. Dist. LEXIS 17285, at *7 n.1 (N.D. Ga. 2007), rev'd on other grounds, Griffin Indus. v. Irvin, 496 F.3d 1189 (11th Cir. 2007). For this very reason, this Court has previously stricken declarations filed with a reply. Lewis v. Zilog, Inc., 908 F. Supp. 931, 955 (N.D. Ga. 1995) (striking a declaration as untimely because it was filed with a reply); see also United States v. Ga. Dep't of Natural Res., 897 F. Supp. 1464, 1471 (N.D. Ga. 1995) ("This Court will not consider arguments raised for the first time in a reply brief."); see

also <u>Martinez v. Weyerhaeuser Mortgage Co.</u>, 959 F. Supp. 1511, 1515 (S.D. Fla. 1996) (striking second affidavit attached to reply brief because it raised new arguments and thus violated Florida Local Rule 7.1(C)); <u>Rockrohr v. Norfolk S. Corp.</u>, 797 F. Supp. 664, 665 n.1 (N.D. Ind. 1992) ("Reply briefs are generally an improper vehicle for presenting new arguments, and should be confined to the issues raised in the opening motion or brief.").

In <u>McGinnis v. Se. Anesthesia Assocs., P.A.</u>, 161 F.R.D. 41, 42 (W.D.N.C. 1995), the court noted that:

> [T]he clear purpose of Rule 6(d) is to prevent unfair surprise by eleventh hour filings.  That is, a party may not file a motion unsupported by any evidence only to spring the evidence on the opposing party on a later date.  Instead, Rule 6(d) requires the supporting affidavits be filed simultaneously with the motion it supports, affording the opposing party an opportunity to address the motion fully and squarely on its merits.

<u>Id.</u> (citation and footnote omitted).  Another court similarly remarked:

> Under Rule 6(b) and (d), Federal Rules of Civil Procedure, all affidavits in support of a motion must be submitted with the motion unless the court, for cause shown, permits later filing.  The rule is

designed to prevent movants from springing new facts on an opposing party when it is too late for that party to contest them.

Republicbank Dallas v. First Wisc. Nat'l Bank of Milwaukee, 636 F. Supp. 1470, 1472 (E.D. Wis. 1986) (finding that non-movant should be allowed an opportunity to properly respond to the new factual assertions in movant's reply brief and supporting affidavits); see also Int'l Telecomm. Exch. Corp. v. MCI Telecomm. Corp., 892 F. Supp. 1520, 1531 (N.D. Ga. 1995) ("Normally, a party may not raise new grounds for granting its motion in a reply. Where a party does raise new grounds in its reply, the Court may either strike the new grounds or permit the non-moving party additional time to respond to the new argument.").

In applying these principles to USI's motion to transfer venue, the late filed declarations of Randy Bennett, Christopher Halas, and Ted Buczek should be stricken and references to the affidavits in USI's reply brief, along with any new arguments, should be ignored. Consideration of USI's motion to transfer venue should be limited to the arguments made in its initial brief which were properly supported by admissible evidence. USI spent most of its initial brief arguing the irrelevant merits of the settled and dismissed Michigan action and that the Michigan court's order of dismissal's boilerplate statement that it retained jurisdiction to enforce the settlement agreement somehow reserved exclusive

jurisdiction over NVI's separate action for breach of the settlement agreement (it did not). Enforcing the terms of a settlement and a separate action for damages for breach of that contract are two different things. When making these irrelevant arguments, USI simply ignored the issues and evidence which actually matter for venue. USI has provided no admissible evidence concerning the relative convenience of the parties, identification of witnesses and potential testimony, potential expenses, or relative means[1] – all key factors in the transfer analysis – and its motion to transfer should therefore be denied.

This the 29th day of June, 2011.

/s/ Jason W. Graham
Jason W. Graham
Georgia Bar No. 304595
jason@grahamandpenman.com
T. Brandon Welch
Georgia Bar No. 152409
brandon@grahamandpenman.com

Graham & Penman, LLP
2989 Piedmont Road, NE
Suite 200
Atlanta, Georgia 30305-2700
Telephone: (404) 842-9380
Facsimile: (678) 904-3110

---

[1] Even after hitting a mulligan with late-filed declarations, USI still lacks evidence on many of these issues. For example, USI remains silent about its means and potential expenses.

## **Certification of Font and Point Selections Approved by the Court**

I certify pursuant to LR 7.1D this brief has been prepared with one of the font and point selections approved by the Court in LR 5.1B (Times New Roman, 14 pt.).

/s/ Jason W. Graham
Jason W. Graham
Georgia Bar No. 30459

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served counsel for the other parties in the foregoing matter with a copy of the Plaintiffs' Brief in Support of Motion to Strike via the Court's CM/ECF notification system to:

>Simon Malko, Esq.
>Morris, Manning & Martin
>Attorney for USI

This the 29th day of June, 2011.

>/s/ Jason W. Graham
>Jason W. Graham
>Georgia Bar No. 304595
>jason@grahamandpenman.com
>T. Brandon Welch
>Georgia Bar No. 152409
>brandon@grahamandpenman.com
>Attorneys for NVI and Torchia

Graham & Penman, LLP
2989 Piedmont Road, NE
Suite 200
Atlanta, Georgia 30305-2700
Telephone: (404) 842-9380
Facsimile:  (678) 904-3110