## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| NATIONAL VIATICAL, INC., *et al.* : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:11-CV-1358-RWS |
| UNIVERSAL SETTLEMENTS : | |
| INTERNATIONAL, INC., : | |
| : | |
| Defendant. : | |
| : | |

## **ORDER**

This case comes before the Court on Defendant's Motion to Transfer Venue [4] and Plaintiffs' Motion to Strike Elements of Defendant's Reply Brief [20]. After a review of the record, the Court enters the following order.

**I. Motion to Strike**

Plaintiffs have moved to strike portions of the Defendant's reply brief and various affidavits that were attached thereto. Plaintiffs argue that the Defendant did not produce evidence of its convenience or financial means, by way of affidavit or otherwise, in its initial motion and should not be able to do so in its reply. As well, Plaintiffs argue that one of Defendant's arguments exceeded the scope of its original motion, namely that the Western District of

Michigan retained exclusive jurisdiction over the matter.

"Where a party does raise a new ground in its reply, the Court may either strike the new ground or permit the non-moving party additional time to respond to the new argument." Int'l Telecomm. Exch. Corp. v. MCI Telecomm. Corp., 892 F. Supp. 1520, 1531 (N.D. Ga. 1995); LR 7.1(F) NDGa ("The court, in its discretion, may decline to consider any motion or brief that fails to conform to the requirements of these rules."). First, the Court does not find that the Defendant even argued that the Michigan court retained *exclusive* jurisdiction over the matter–only that it retained jurisdiction. See Dkt. No. [19] at 12 ("over which the Western District of Michigan retained jurisdiction for the purposes of enforcement."). Moreover, the Defendant stated in its initial brief that "the W.D. Mich. Action is pending in that federal district and all parties to this action are already properly subject to the jurisdiction of that court." Dkt. No. [4-1] at 13. Thus, Defendant alleged Michigan had jurisdiction from the outset. Further, Plaintiffs attached the settlement agreement as an opposition-brief exhibit which clearly shows that the court retained jurisdiction over the matter. Pl.'s Ex. A, Dkt. No. [15-1] at 1. Therefore, the Court does not find that argument exceeds the scope of the initial motion or the opposition brief or that

2

it warrants surreply.

However, the Court does find Defendant's affidavit timing to be problematic and will **STRIKE** the reply affidavits as Defendant put forward no good-cause evidence to explain why it did not attach them in the first instance. However, as to proving means and inconvenience, the Court notes that Plaintiffs plead that the Defendant was "in Canadian restructuring proceedings" and that the Defendant is a Canadian citizen. Thus, the Court's entertainment of these facts in no way prejudices the Plaintiffs. See Cmpl., Dkt. No. [1-1] at 3, 7. Therefore, Plaintiffs' Motion to Strike [20] is **GRANTED, in part**, and **DENIED, in part**.

**II. Motion to Transfer Venue**

The Defendant moves to transfer this case to the Western District of Michigan–the court which mediated and took down the oral settlementagreement which underlies this enforcement action. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "In considering a motion to transfer venue under Section 1404(a), the burden is on the moving

3

party to establish the propriety of the transfer. Unless the balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed." Paul, Hastings, Janofsky & Walker, L.L.P . v. City of Tulsa, 245 F. Supp. 2d 1248, 1260 (N. D. Ga. 2002 )(internal citations omitted).

> Section 1404 factors include (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Here, the Court finds that this case warrants transfer. First, as to the convenience of the witnesses and parties, each party and its witnesses will be inconvenienced in the other's requested forum. This factor does not favor either venue. However, the location of relevant documents, the relative ease of access to proof, and the locus of operative facts clearly favors the Michigan court. The settlement agreement is a transcript which is filed under seal in the Michigan court. That court ordered that the agreement was only to be disseminated to the parties and their counsel, so it appears that this transcript should not have even

4

been presented by Plaintiffs for filing under seal in this district without seeking leave of court in Michigan. Def.'s Ex. A, Dkt. No. [19-2]. Further, Michigan retained jurisdiction over this settlement matter, Pl.'s Ex. A, Dkt. No. [15-1] at 1, and the Michigan court has already resolved a similar settlement-agreement dispute arising out of the underlying action. Since Magistrate Judge Carmody[1] helped to resolve the initial matter, she would be best suited to interpret what the parties meant in the agreement and whether a violation of the confidentiality provision has occurred. It is also worth noting that there are apparently multiple documents which are filed under seal in Michigan which this Court cannot access.

As to the availability of process, Plaintiffs argue that non-party Cecello would be within the subpoena powers of this Court, but would not be in Michigan. However, because the Michigan court retained jurisdiction over the settlement agreement, that court has retained jurisdiction over Cecello as a party to the underlying matter. As well, the relative means of the parties does not favor either venue because the only information the Court was provided about

---

[1]Plaintiffs argue that because the Michigan judges have knowledge of the disputed evidence–the settlement agreement–they would have to recuse themselves if the case was transferred. However, recusal only applies to extrajudicial knowledge of evidentiary disputes. LaMarca v. Turner, 662 F. Supp. 647, 654 (S.D. Fla. 1987).

AO 72A
(Rev.8/82)

NVI is that it does not want to expend $35,000 in travel expenses again, and all the Court knows about USI is that it is in restructuring. See Pl.'s Ex. 15, Dkt. No. [15-15] at 2; Cmpl., Dkt. No. [1-1] at 7.

Further, while Michigan courts would be more familiar with Michigan breach of contract law, the Court finds that this factor does not significantly favor either venue as this Court can apply basic contract law–whether Michigan or otherwise. But, Plaintiffs' choice of forum is a weighty interest and this factor clearly weighs in favor of the Northern District of Georgia because this is the Plaintiffs' home forum, and Georgia has an interest in vindicating its citizens' rights.

Finally, though, the totality of the circumstances clearly favor Michigan. This is a Michigan contract which is under seal, and access is limited to a Michigan court. Michigan has access to all of the relevant filings, and that court has already handled one enforcement proceeding arising out of the agreement. Efficiency and comity favor the Western District of Michigan. Defendant's Motion to Transfer Venue [4] is **GRANTED**.

**III. Conclusion**

Based on the foregoing, Plaintiff's Motion to Strike [20] is **GRANTED, in part,** and **DENIED, in part**. Defendant's Motion to Transfer Venue [4] is **GRANTED**. The Clerk is directed to transfer this matter to the Western District of Michigan.

**SO ORDERED** this  15th   day of November, 2011.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)