IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| NATIONAL VIATICAL, INC. and JAMES TORCHIA, | ) ) ) | |
| Plaintiffs, | ) ) ) | CIVIL ACTION |
| v. | ) ) | CASE NO. 1:11-CV-01226-RHB |
| UNIVERSAL SETTLEMENTS INTERNATIONAL, INC., | ) ) ) | |
| Defendant. | ) | |

## DECLARATION OF JASON W. GRAHAM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE COUNT III OF USI'S COUNTERCLAIM

I, JASON W. GRAHAM, declare:

1.      I am a licensed attorney in Georgia and am one of the two founding partners of Graham & Penman, LLP. I am the attorney of record for Plaintiffs National Viatical, Inc. ("NVI") and James Torchia in the present action. I make this declaration in support of NVI and Torchia's Motion to Strike Count III of Defendant USI's Counterclaim.   The matters stated herein are known to me of my own personal knowledge. I could and would testify hereto in a court of law if called upon to do so.

2.      On January 27, 2011, NVI and Torchia overnighted a $100,000 check with the notation "USI Settlement" to Graham & Penman, LLP.   A true and correct copy of the check is attached hereto as Exhibit A.

3.      Graham & Penman, LLP deposited NVI's $100,000 check into its IOLTA account on January 28, 2011.  A true and correct copy of Graham & Penman, LLP's IOLTA account summary for January 28, 2011 is attached hereto as Exhibit B. A true and correct copy of Graham & Penman, LLP's administrative record of IOLTA deposits on January 28, 2011 is attached hereto as Exhibit C.

4.      Upon deposit of NVI's $100,000 check, I immediately sent USI's counsel an email stating "I have the $100K in my trust account."  Mr. Franzinger replied to this email stating "Good."  A true and correct copy of my January 28, 2011 email to USI's counsel including Mr. Franzinger's reply is attached hereto as Exhibit D.

5.      NVI, Torchia and myself negotiated the settlement agreement with USI in good faith with intent to perform.

6.      Neither myself nor NVI and Torchia would have executed and notified opposing counsel of the transfer of $100,000 if we did not intend to perform our obligations under the settlement agreement.

7.      After the settlement conference at which USI alleges that I fraudulently conspired with my clients to enter into a settlement with no intent to perform, USI disclosed virtually every detail that anyone would care to know about the settlement agreement. USI's breach was substantial and justifies the excusal of NVI and Torchia's performance under Michigan law. See, e.g., Michaels v. Amway Corp, 206 Mich. App. 644, 650 (1994), quoting Flamm v. Scherer, 40 Mich. App. 1, 8-9 (1972) ("one who first

breaches a contract cannot maintain an action against the other contracting party for his subsequent breach or failure to perform.").

8.     NVI, Torchia and myself learned of USI's prior breach of the settlement agreement on February 1, 2011.

9.     I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct to the best of my knowledge.

Executed this ⎽⎽⎽⎽ day of January, 2012, at Atlanta, Georgia.

JASON W. GRAHAM