UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL VIATICAL, INC., et al,

        Plaintiffs,

                                      File No.  1:11-CV-1226

v.

                                      HON. ROBERT HOLMES BELL

UNIVERSAL SETTLEMENTS
INTERNATIONAL, INC.,

        Defendant.

_____/

# **O P I N I O N**

This diversity breach of contract action is before the Court on Plaintiffs National Viatical, Inc. and James Torchia's motion to strike Count III of the counterclaim filed by Defendant Universal Settlements International, Inc. ("USI").  (Dkt. No. 51.)  For the reasons that follow, Plaintiffs' motion will be granted in part and denied in part.

Plaintiffs move to strike the allegations in Count III of USI's counterclaim pursuant to Rule 12(f) of the Federal Rules of Civil Procedure because the allegations are "abusive, offensive, and wholly baseless and unsubstantiated."  (Dkt. No. 51, Pls.' Br. 2.)  Plaintiffs object specifically to the following allegations:

> 91. Plaintiffs and their counsel intentionally misrepresented their intentions to fully and completely settle the W.D. Mich. Action.
>
> . . . .
>
> 93. Upon information and belief, these representations were false when they

were made by Plaintiffs and their counsel at the October 26, 2011 settlement conference, and in communications subsequent to the conference.

(Dkt. No. 23, Countercl. ¶¶ 91, 93.)

Rule 12(f) permits the Court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Courts have generally decided to strike portions of a pleading for being impertinent or scandalous only where the language is extreme or offensive." *Thompson v. Hartford Life & Acc. Ins. Co.*, 270 F.R.D. 277, 279 (W.D. Ky. 2010) (citing cases). Striking a pleading is a "drastic remedy" that should be "sparingly" used. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). A motion to strike should be granted only when the pleading to be stricken has "no possible relation to the controversy." *Id. See also Anderson v. United States*, 39 F. App'x 132, 135 (6th Cir. 2002) (quoting *Brown & Williamson*, 201 F.2d at 822).

"An accusation of fraudulent conduct against another member of the bar is a serious charge." *Williams v. Fla. Health Scis. Ctr., Inc.*, No. 8:05-CV-68-T-23, 2007 WL 641328, at *3 (M.D. Fla. 2007). "Launching allegations of fraud against opposing counsel without reasonable inquiry as to their truth is unprofessional and unethical behavior, not to mention offensive and damaging to reputable attorneys." *Id.*

To the extent Plaintiffs request that allegations against counsel be stricken, USI concurs in the relief sought, and has agreed, with the Court's leave, to amend the counterclaim as follows:

2

¶ 56 – striking "and their counsel"

¶ 91 – striking "and their counsel"

¶ 93 – replacing "by Plaintiffs and their counsel" with "directly by Plaintiffs

or indirectly by Plaintiffs through their counsel."

(Dkt. No.  57, Def.'s Resp. Br. 5.)

The Court agrees that, to the extent Plaintiffs' motion to strike is directed at the allegations against Plaintiffs' counsel, the motion is well-taken.  Because Plaintiffs' counsel have not been named as defendants in the counterclaim, the allegations against them have no relation to the controversy and only serve to damage the reputation of the attorneys and the decorum of court proceedings.  The Court will accordingly grant Defendant leave to amend its counterclaim in the manner proposed within fourteen days of this opinion.

In all other respects, Plaintiffs' motion is denied.  Under Rule 12(f), a motion to strike is required to be filed before a party responds to the pleading in question.  Fed. R. Civ. P. 12(f)(2).  Plaintiffs responded to the counterclaim on August 31, 2011 (Dkt. No. 25), but did not file their motion to strike until January 16, 2012 (Dkt. No. 51).  The motion is untimely.[1]

In addition, the balance of Plaintiffs' motion to strike must be denied because Rule 12(f) is not a vehicle for testing the sufficiency of pleadings or the factual support for Defendant's allegations and obtaining dismissal of a claim.  Rule 12(f) cannot be used to

---

[1]The untimeliness of Plaintiffs' motion does not affect the Court's decision with respect to the allegations against Plaintiffs' counsel because the Court may strike scandalous matter from a pleading on its own.  Fed. R. Civ. P. 12(f)(1).

circumvent the requirements of a Rule 12(c) motion for judgment on the pleadings or a Rule 56 motion for summary judgment.

Accordingly, the Court will grant Plaintiffs' motion to strike to the extent it is directed at allegations against Plaintiffs' counsel, but will deny the motion in all other respects.  An order consistent with this opinion will be entered.


Dated: August 27, 2012                        /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE